Filed 3/10/14  In re C.D. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.D.,<br><br>        Defendant and Appellant. | E058663<br><br>(Super.Ct.No. J248576)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill and Barbara A. Buchholz, Judges.  Affirmed.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court found true an allegation that C.D. (minor) possessed, received, or concealed a stolen vehicle in violation of Penal Code[1] section 496d, subdivision (a), found C.D. to be a minor within the meaning of Welfare of Institutions Code section 602, and placed her on probation in the custody of her mother.  In this timely appeal, minor contends the record does not contain substantial evidence that she exercised dominion and control over the stolen vehicle so she may not be found to have unlawfully possessed or received it.  Because the People presented substantial evidence that minor knew the vehicle was stolen and aided and abetted in concealing it, we affirm the judgment.

FACTS

The owner of a 1999 Silver Honda, with distinctive red stickers on the rear side windows, parked the vehicle in a store parking lot in Santa Ana and locked the doors.  When she returned to the parking lot some seven hours later, the vehicle was gone.  The owner reported the vehicle stolen the next morning.

An officer with the Montclair Police Department was patrolling the parking lot of the Galleria Motel around 12:34 a.m., when he saw minor standing next to the door of room 20.  The officer knew minor from numerous contacts he had with her on the 4800 block of Evart Street, where minor lived.  The officer testified that is the same street where the motel was located, and where the police had previously discovered an automotive "chop shop" and numerous stolen vehicles.  In the past, the officer had responded to the motel on drug related calls and calls about stolen vehicles, and he had

---

[1] All further undesignated statutory references are to the Penal Code.

2

spoken to "quite a few people" in room 20. The officer pulled up to the motel and said to minor, "What's up?" Minor told the officer he should go investigate "a weird lady" who was in the street. The officer noticed that minor's demeanor was unusual, and she appeared to be "[r]eal nervous, trying to get [the officer] out of there; trying to steer [him] away." Minor also told the officer that she was waiting for a friend who lived at the motel.

The officer said goodbye to minor and drove off into the parking lot when he saw a vehicle parked in the far north corner of the lot, where stolen vehicles had been found before. A male suspect was walking away from the parked vehicle, but he turned around and started walking back to the vehicle when he saw the officer approaching. The officer noticed that the parked vehicle was a Silver Honda Civic with a "distinct" red sticker on it, and he recognized it as a vehicle he had seen parked in front of minor's residence the day before. He then got out of his patrol vehicle and walked over to investigate. He told the male suspect to sit on the ground.

The officer asked the male suspect about the owner of the Honda. The male suspect said it belonged to his friend and that he had picked it up the day before and had been driving it around. The male suspect denied having parked the vehicle in front of minor's residence. The officer asked permission to search the vehicle, and saw that its stereo and speakers were missing. The officer found two purses and an "Elmo" backpack in the passenger compartment, and also found wood blocks and what appeared to be speaker cables in the trunk. Under the front left tire, the officer saw a jack and tire iron,

and the officer noticed that the male suspect's hands were oily like he had been touching tires. Based on these observations, the officer concluded the vehicle was probably stolen.

As the officer was speaking to the male suspect, minor walked over to the officer. She confirmed that the purses and backpack found in the vehicle were hers. When the officer asked minor what he would find in the backpack, minor told him there was a flannel shirt inside. The officer searched the backpack and found a flannel shirt and registration papers for another vehicle. The officer then placed both the male suspect and minor under arrest.

In his patrol vehicle on the way to juvenile hall, the officer advised minor of her *Miranda*[2] rights, which she waived. Minor told the officer that the male suspect picked her up at her house, and they drove to San Dimas. She said that on the drive from San Dimas to the motel, the male suspect thought he saw a police vehicle. He asked minor if she had seen the "cop." Minor then asked the male suspect if the vehicle was stolen. Minor said the male suspect told her the vehicle was stolen, but then minor recanted and said that he told her he merely came upon the vehicle. Minor told the officer she made up the story about the "weird" lady because she was scared. Minor also told the officer that her friend parked the vehicle in the far corner of the parking lot so he could remove the wheels and tires and "make some money."

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

The officer never observed minor drive the vehicle or see her inside of it. He did not find a key or burglar's tools on her person, nor did he observe that minor had oily or greasy hands. Minor did not admit to stealing the vehicle.

DISCUSSION

As she did in the juvenile court, minor contends she may not be found to have violated section 496d, subdivision (a), because she did not exercise control or dominion over the vehicle. Minor argues that, at most, the People proved that she knew the vehicle was stolen, but at the first available opportunity she got out of the vehicle and exercised no control over it whatsoever. Regardless of whether the People did or did not establish that minor had control or dominion over the vehicle, the record contains substantial evidence that minor knew it was stolen and aided and abetted in concealing it from the officer.

"Our review of [a minor's] substantial evidence claim is governed by the same standard applicable to adult criminal cases. [Citation.] 'In reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Citation.]' [Citation.] '"[O]ur role on appeal is a limited one." [Citation.] Under the substantial evidence rule, we must presume in support of the judgment the existence of every fact that the trier of fact could reasonably have deduced from the evidence. [Citation.] Thus, if the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the

circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal of the judgment. [Citation.]' [Citation.]" (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.)

Section 496d, subdivision (a), provides that "[e]very person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, *or aids in concealing*, selling, or withholding any motor vehicle, trailer, special construction equipment, or vessel from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in a county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both." (Italics added.)

As demonstrated by our italics, a person violates section 496d not only by knowingly receiving and concealing a stolen vehicle, but also by knowingly aiding and abetting another to conceal a stolen vehicle. Minor does not dispute that she knew or had good reason to believe that the vehicle was stolen. The male suspect told her the vehicle was stolen on their drive from San Dimas to the motel and, later, told her that he intended to remove the wheels and tires from the vehicle to "make some money." When the officer pulled up to the motel and spoke to minor, he could tell that she was nervous and seemed to be trying to get rid of him or steer him away from the area. She then concocted the story of a "weird" lady being in the street and told the officer to go

investigate it. After being placed under arrest, minor admitted that she made the story up because she was "scared," but she continued to try and steer the officer from the truth by recanting what she had said about the male suspect telling her the vehicle was stolen. Instead, minor told the officer the male suspect said he merely came upon the vehicle.

From this evidence, the juvenile court could reasonably conclude beyond a reasonable doubt that minor knew the vehicle was stolen before the officer arrived on the scene, and that she assisted the male suspect in concealing the vehicle's presence in the parking lot by making up the ruse about a strange lady in the street and telling the officer that he should go investigate her. Because the record contains substantial evidence to support the trial court's finding that minor violated section 496d, subdivision (a), we must affirm the judgment.

During oral argument before this court, minor argued that the crime of concealing a stolen vehicle contains the same element of possession as does the crime of receiving a stolen vehicle, and that, because the record does not contain substantial evidence that minor had dominion and control over the vehicle, she cannot be found to have committed either crime. The crime of concealing stolen property "consists of the act of intentionally secreting stolen property in violation of the affirmative duty to return it—or at least to disclose its whereabouts—to its rightful owner." (*Williams v. Superior Court* (1978) 81 Cal.App.3d 330, 343-344 (*Williams*); see also *People v. Grant* (2003) 113 Cal.App.4th

579, 595 [Fourth Dist., Div. Two] (*Grant*).)[3] Although the crimes of receiving and concealing stolen property are separate crimes, for a direct perpetrator they have the same essential elements, including possession. (*Grant*, at pp. 594-596; *Williams*, at pp. 343-344.) In *Grant* and *Williams*, the evidence tended to show the defendants actually possessed stolen property but the statute of limitations had run on the crime of receiving stolen property. (*Grant*, at pp. 585-586, 594-595; *Williams*, at pp. 337-340, 343.) Nonetheless, the courts held that the statute of limitations had not run on the continuing crime of concealing stolen property. (*Grant*, at pp. 595-596; *Williams*, at pp. 343-344.)

Although there may or may not be substantial evidence in this case that minor had dominion and control over the stolen vehicle, for purposes of proving that she directly received and concealed a stolen vehicle, minor cites no authority for the proposition that possession is an element of the crime of aiding and abetting another to conceal a stolen vehicle over which the direct perpetrator has possession. "All persons involved in the commission of a crime, whether acting directly or aiding and abetting, are principals in the crime committed. [Citations.]" (*People v. Ogg* (2013) 219 Cal.App.4th 173, 180.)

---

[3] Like the cases cited by the parties, *Williams* and our decision in *Grant* addressed section 496, subdivision (a), the general statute criminalizing possession, receipt, or concealment of stolen property. (See *Williams*, *supra*, 81 Cal.App.3d at p. 344; *Grant*, *supra*, 113 Cal.App.4th at pp. 594-596.) Because section 496d, subdivision (a), contains identical language to the general statute, we look to cases interpreting section 496 in the absence of authority interpreting the more specific statute addressing possession of stolen vehicles.

"An aider and abettor must 'share the specific intent of the perpetrator.' [Citation.] He or she shares the specific intent of the perpetrator if he or she 'knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime.' [Citation.] It is not necessary that the aider and abettor be prepared to commit the offense by his or her own act should the perpetrator fail to do so nor that the aider and abettor seek to share the fruits of the crime. [Citation.]" (*Id*. at pp. 180-181.)

There is no question that the male suspect had dominion and control over the stolen vehicle and that he took steps to conceal it by parking it in the far corner of the motel parking lot. Also, there is no dispute that minor knew the vehicle was stolen and knew that the male suspect intended to remove the wheels and tires to sell them. By deterring the officer through the story of the "weird" lady, a reasonable trier of fact could conclude that minor knew that the male suspect intended to conceal the stolen vehicle, and also conclude that minor knowingly aided and abetted the male suspect to conceal the presence of the stolen vehicle.

Finally, we disagree with minor's suggestion in her reply brief that at most the evidence establishes an *attempt* to conceal the vehicle as opposed to a completed concealment in violation of section 496d. Minor relies on *People v. Hill* (1997) 58 Cal.App.4th 1078 (*Hill*), which addressed the sufficiency of the evidence to support a conviction under section 135 for destroying or concealing evidence. (*Id*. at p. 1088.) Hill was seen throwing a wad of paper into the street while being pursued by a police officer

9

on suspicion of passing counterfeit traveler's checks. (*Id*. at p. 1082.) The police later found the wad, which contained torn traveler's checks. (*Ibid*.)

The Court of Appeal noted that "[t]he purpose of section 135 is to prevent the obstruction of justice. [Citation.]" (*Hill*, *supra*, 58 Cal.App.4th at p. 1089.) The court rejected Hill's argument that the word "conceal" in section 135, like "destroy," "must have the same effect as destruction—permanent unavailability . . . . The ordinary meaning of 'conceal,' its context, and the purpose of the statute do not support this assumption." (*Id*. at p. 1090.) Instead, the court held "successful concealment of evidence from a particular investigation is sufficient." (*Ibid*.) "Obviously, to permanently conceal evidence is a substantial obstruction of justice. To a lesser degree is any act of concealment that interferes with, impedes, frustrates, or unnecessarily prolongs a lawful search." (*Ibid*.) "[W]here a thief does not interfere with, impede, frustrate, or prolong a lawful investigation, for example, where a thief is interrupted while concealing evidence or where the police watch him conceal it, he has not successfully hidden the evidence or appreciably affected an investigation and thereby obstructed justice. He has merely tried to do so." (*Ibid*.) Because Hill threw out the torn travelers' checks in plain sight of the police, the Court of Appeal held he was not successful in hiding them or in impeding the investigation into his passing counterfeit traveler's checks and reversed his conviction under section 135. (*Id*. at p. 1091.) "At most, abandoning [the torn checks] in front of the police was an attempt to conceal them." (*Ibid*., fn. omitted.)

We are not persuaded that the analysis from *Hill* is applicable here. The Court of Appeal in *Hill* was careful to note that its interpretation of the word "conceal" (and of the word "destroy") in section 135 was informed by the context in which the Legislature used it and by the purpose of the statute—to prevent the obstruction of justice. (*Hill*, *supra*, 58 Cal.App.4th at pp. 1089-1091.) Unlike section 135, concealment of a stolen vehicle in violation of section 496d is not an obstruction of justice type of crime. The concealment contemplated by section 496d includes concealment from the police, but is not limited to it—secreting a stolen vehicle from its rightful owner is the true gravamen of the crime. (*Grant*, *supra*, 113 Cal.App.4th at p. 595; *Williams*, *supra*, 81 Cal.App.3d at pp. 343-344, 346.) There is substantial evidence in the record that minor acted in such a manner to aid and abet the male suspect to conceal the existence of the stolen vehicle such that its true owner could not have recovered it except for its discovery by the police.

In any event, even if we were to adopt *Hill*'s definition of "conceal" from section 135, we still would not reverse the judgment. *Hill* held that something less than making an object permanently unavailable constitutes concealment. (*Hill*, *supra*, 58 Cal.App.4th at p. 1090.) As long as the concealment "interferes with, impedes, frustrates, or unnecessarily prolongs a lawful search" in an appreciable way, the crime is completed and is not merely a failed attempt. (*Ibid.*) While minor is correct that the officer discovered the stolen vehicle within moments of speaking to her, the juvenile court could reasonably have concluded that minor's ruse about the "weird" lady and her effort to steer the officer away from the motel parking lot had some appreciable effect on the progress of the officer's investigation. Even if minor did not permanently deter the

11

officer from finding the stolen vehicle, aiding and abetting the male suspect to temporarily conceal the stolen vehicle constituted sufficient concealment for purposes of section 496d.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

12